IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3196-D

ALFRED MILLER,                )
                              )
              Plaintiff,      )
                              )
      v.                      )         **ORDER**
                              )
STATE OF NORTH CAROLINA,      )
et al.,                       )
                              )
              Defendants.     )

On October 11, 2011, Alfred Miller ("Miller"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Compl. [D.E. 1]. On October 11, 2012, the court reviewed Miller's filings, dismissed all claims except his claim for deliberate indifference to a serious medical need, and directed Miller to amend his complaint to name specific New Hanover County Detention Center ("NHCDC") officers or employees who were actually responsible for the conduct described in the claim [D.E. 25]. On October 26 and November 20, 2012, the court granted in part Miller's motions for discovery and directed the New Hanover County attorney to produce the first initial and last name(s) of detention officers assigned to Miller's housing unit while he was on suicide watch between approximately January 4 and 10, 2011, along with any grievances or other complaints that Miller filed during his incarceration at NHCDC, and jail officials' responses thereto [D.E. 27, 33]. On December 3, 2012, the county attorney filed a response, with a duty roster and mental health notes [D.E. 35]. The county attorney indicated that Miller "did not file any formal grievances during the time that he was incarcerated at the New Hanover County Detention Center." Id. 1.

On December 13, 2012, Miller filed a reply to the county attorney's response [D.E. 36] and

moved to amend his complaint to name Deputy Z.C. Taylor as the defendant responsible for his remaining claim [D.E. 37]. On January 29, 2013, Miller moved for appointment of counsel [D.E. 38] and trial by jury [D.E. 39].

Initially, the court addresses Miller's December 13, 2012 reply. To the extent Miller disagrees with the accuracy of the mental health records submitted by the county attorney, [D.E. 36] 1–2, the court already has dismissed Miller's claim concerning his placement on suicide watch as frivolous. See [D.E. 25] 5–7. To the extent Miller again seeks reconsideration of the court's rulings, [D.E. 36] 2–3, the court again denies his request. See [D.E. 27] 2–3. To the extent Miller challenges the county attorney's assertions concerning exhaustion of administrative remedies, failure to exhaust is an affirmative defense that a defendant must plead and prove. See, e.g., Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). Thus, on this record, the court will not dismiss the action for failure to exhaust administrative remedies. Defendant may present any argument concerning exhaustion of remedies in a formal motion.

As for Miller's motion to amend, the court grants the motion to the extent Miller seeks to amend his complaint to name Deputy Z.C. Taylor as defendant, and directs the clerk to issue a summons for Taylor, and to serve Taylor with Miller's original and two amended complaints [D.E. 1, 4, 37]. As for Miller's motion for appointment of counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Miller's abilities do not present exceptional circumstances. Accordingly, the court denies

2

Miller's motion for appointed counsel. As for Miller's motion for a jury trial, the motion is untimely. See Fed. R. Civ. P. 38(b), (d). Thus, the court denies the motion.

In sum, the court DENIES Miller's motions for appointment of counsel and for trial by jury [D.E. 38–39]. The court GRANTS IN PART Miller's motion to amend [D.E. 37], and DIRECTS the clerk to amend the docket to name Deputy Z.C. Taylor as defendant, to issue a summons for service, and to serve Taylor with Miller's original and two amended complaints [D.E. 1, 4, 37]. The clerk shall maintain management of the action.

SO ORDERED. This 11 day of June 2013.

JAMES C. DEVER III
Chief United States District Judge